UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY PAANANEN, | ) CASE NO. C08-1042 RSM |
| Plaintiff, | ) |
| v. | ) ORDER GRANTING IN PART AND ) DENYING IN PART DEFENDANT'S ) MOTION TO COMPEL |
| CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS | ) |
| Defendant. | ) |

This matter comes before the Court on "Defendant's Motion to Compel Discovery and for Sanctions." (Dkt. #14). In this employment discrimination claim wherein Plaintiff asserts violations of the Washington Law Against Discrimination ("WLAD"), and the Family and Medical Leave Act of 1933 ("FMLA"), Defendant seeks to compel four issues related to discovery. Defendant also indicates that Plaintiff has failed to identify the responsive documents it has produced to Defendant with specificity. Lastly, Defendant moves for attorney's fees pursuant to FRCP 37(a)(5)(A).

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER
PAGE - 1

(1) Defendant's motion to compel is GRANTED IN PART and DENIED IN PART as follows:

### a. Correspondence between Plaintiff and Defendant

In its Request for Production ("RFP") No. 1, Defendant seeks production of "each and every document in your possession evidencing, reflecting or relating to any correspondence between you and any employee, agent or representative of Verizon." (Dkt. #15, Decl. of Burt, Ex. C at 9). Plaintiff responded to this RFP by producing documents that relate to the allegations in his complaint or Defendant's answer. However, Defendant claims that this response was insufficient as Plaintiff failed to produce any documents for the time period of July 1, 2006 to the present.

It is well-recognized that relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). In addition, discovery need not be "limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.* at 351. Discovery that is "reasonably calculated to lead to the discovery of admissible evidence" should be produced. *See* FRCP 26(b)(1).

Here, communications between June 1, 2006 and December 21, 2006 – the date on which Plaintiff was terminated – are potentially relevant to Plaintiff's discrimination claims. Plaintiff's claims revolve around Defendant's treatment of Plaintiff over the course of two years in which he took several leaves after his wife was diagnosed with a heart condition. During this time period, Plaintiff himself was diagnosed with sleep apnea and severe depression and stress, and these conditions form the basis of Plaintiff's claims. As a result, any communications made by Plaintiff to Defendant during his employment will potentially reveal the full scope of Defendant's alleged mistreatment. Furthermore, Plaintiff cannot unilaterally argue that he has produced all relevant documents without allowing Defendant an opportunity to test the veracity of this contention. Plaintiff's naked assertion that he has

already produced all allegedly relevant communication does not comport with the Court's duty to make a judgment on the merits.

However, "[d]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, to the extent Defendant seeks production of Plaintiff's *post-termination* correspondence, the Court finds that such communication has no relevance to Plaintiff's claims. The facts and circumstances giving rise to Plaintiff's claims obviously occurred during Plaintiff's employment with Defendant. And as Defendant acknowledges, Plaintiff was terminated due to his conduct of adding various packages and services to existing customers plans without their authorization and knowledge. Any communication occurring after Plaintiff's termination is irrelevant and potentially prejudicial.

Accordingly, Defendant's motion to compel production of RFP No. 1 is GRANTED IN PART. Plaintiff must produce all communications with Defendant, but need not produce communications following the termination of his employment on December 21, 2006.

### b. Medical Information

Defendant also seeks (1) correspondence or documents relating to correspondence between Plaintiff and others regarding his medical condition or his then-wife's medical condition from July 1, 2006 through December 31, 2006; (2) the identification of Plaintiff's healthcare providers for the time period of January 1, 2004 to the present; and (3) an executed HIPAA-complaint authorization for the release of Plaintiff's healthcare records for the time period of January 1, 2004 to the present.

In a FMLA claim, medical records related to the events and circumstances that form the basis of a plaintiff's claim are relevant to determine whether leave was justifiably taken. *See Wemmitt-Pauk v. Beech Mountain Club*, 140 F.Supp.2d 571, 58-81 (W.D.N.C. 2001); *see also Hodgdon v. Northwestern Univ.*, 245 F.R.D. 337, 340 (N.D. Ill. 2007) (finding that an employer's subpoena on the plaintiff's healthcare providers seeking medical records relating to the illness that required his leave to be justified). This district court has also held that medical records relating to *other* conditions may be relevant to evaluate whether a plaintiff

ORDER
PAGE - 3

knew that he would be requiring leave under the FMLA. *See Gilson v. Evergreen at Talbot Road LLC*, 2005 WL 3841864, *3 (W.D. Wash. 2005).

Here, it is clear that production of the medical records Defendant seeks is warranted. A primary basis of Plaintiff's discrimination claim is that he took justifiable leave under the FMLA. Therefore Defendant is certainly allowed to access such information in order to determine the full scope of Plaintiff's medical condition, including (1) his then-wife's medical condition which essentially formed the basis of Plaintiff's sleep apnea and depression, as well as (2) records not directly related to the claims that give rise to the instant lawsuit. Defendant would not have the opportunity to rebut such claims if it did not have access to Plaintiff's complete medical history during the general time-frame in which Plaintiff asserts his claims. Relatedly, the requests are reasonably limited in temporal scope. Defendant seeks records relating to Plaintiff from January 1, 2004 to present, and Plaintiff's then-wife from only July 1, 2006 through December 31, 2006, notably the general period in which Plaintiff took his leaves of absence.

The Court also finds no basis in Plaintiff's contention that production of such medical records is unwarranted because he is only alleging garden variety emotional distress damages. Unlike the cases which Plaintiff relies upon, Plaintiff is asserting that Defendant violated the FMLA by unlawfully discharging Plaintiff from his employment. Thus, Plaintiff's medical condition forms the basis of his claims, and Plaintiff's arguments to the contrary are rejected.

Accordingly, Defendant's motion to compel production of Interrogatory No. 1 and RFP Nos. 3 and 8 is GRANTED.

   c. <u>Plaintiff's subsequent employment</u>

In its RFP No. 10, Defendant seeks a release of Plaintiff's employment records for each position Plaintiff has held since December 21, 2006, the date on which Plaintiff was terminated from his employment with Defendant. Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance. *See Woods v. Fresenius Med. Care Group of N.A.*, 2008 WL 151836, *1 (S.D. Ind. Jan. 16, 2008); *Chamberlain v. Farmington Sav. Bank*,

ORDER
PAGE - 4

...
...

2007 WL 2786421, *1 (D.Conn. 2007) ("The plaintiff clearly has a personal right with respect to the information contained in his employment records.").

In this case, Defendant claims that such records should be produced because they are relevant to Plaintiff's claims for front and back pay. However, it appears that Plaintiff has already informed Defendant of all the jobs he has held since his termination with Defendant, including the compensation information for each through his tax records. (*See* Decl. of Burt, Ex. C at 23; Ex. H at 7). Therefore Defendant already possesses the information needed to determine the legitimacy of Plaintiff's front and back pay claims.

Accordingly, Defendant's motion to compel production of RFP No. 10 is DENIED.

### d. Plaintiff's disability benefits

Next, Defendant seeks documents related to disability benefits that Plaintiff has received, and an executed authorization for the release of such records from each provider that has made disability payments to Plaintiff for the time period of July 1, 2006 to present. In support of this request, Defendant contends that Plaintiff's entire disability history is relevant in order for Defendant to determine: (1) if Plaintiff suffered from any other disabilities; (2) whether the receipt of such benefits impacted Plaintiff's effort to mitigate his damages; and (3) how such disabilities affect Plaintiff's emotional distress claims.

However, the Court finds that such a request is unwarranted. Not only does Defendant fail to cite any legal authority for its request, Plaintiff has already produced records regarding disability benefits he received from July 23, 2006 through December 21, 2006. Defendant also does not limit its request in temporal proximity, asking for any disability benefits Plaintiff has ever received. In addition, the Court has already authorized the release of Plaintiff's medical records during a limited time frame as discussed above. The medical records are sufficient for Defendant to determine the full scope of Plaintiff's disabilities.

Accordingly, Defendant's motion to compel production of RFP No. 12 is DENIED.

### e. Production of documents with specificity

Defendant also claims that Plaintiff responded to its discovery requests in an unorganized manner by failing to mark or otherwise identify any of its documents. However,

ORDER
PAGE - 5

the parties have informed the Court that this issue has been resolved. This request shall be STRICKEN AS MOOT.

### f. Attorney's Fees

Defendant seeks attorneys' fees in the amount of $6,630 for bringing the instant motion to compel. (*See* Dkt. #21, Supp. Decl. of Burt, ¶ 5). Pursuant to FRCP 37(a)(5)(A), if a motion to compel is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, no payment is justified if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." FRCP 37(a)(5)(A)(ii)-(iii). Substantial justification exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v Underwood*, 487 U.S. 552, 565 (1988) (citations omitted).

Here, the Court finds that Plaintiff had substantial justification in defending the requested discovery. The information sought by Defendant is highly sensitive and confidential information. Although the parties entered into a protective order, Plaintiff is correct in asserting that the release of such information could have a potentially prejudicial effect on Plaintiff during this litigation. Additionally, the correspondence sent by Defendant to Plaintiff in an effort to resolve this discovery dispute reveals that Defendant cited no legal authority to support its position in justifying the release of such records. Under such circumstances, Plaintiff had substantial justification to defend his position.

In any event, the Court has denied portions of the instant motion. There is no way for the Court to delineate which portions of the hours defense counsel indicates were spent on this motion should be attributed to the portions of this motion that were granted. In fact, defense counsel fails to even submit an accounting of the how the hours were spent, choosing instead to only indicate the total cost incurred. (*See* Decl. of Burt, ¶ 18; Supp. Decl. of Burt, ¶ 5).

Accordingly, Defendant's motion for attorney's fees is DENIED.

(2) With respect to the portions of Defendant's motion that the Court grants, Plaintiff is directed to respond to Defendant's discovery requests <u>no later than thirty (30) days from the date of this order</u>.

(3) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __14__ day of July, 2009.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7